IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD T. BITTENBENDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1224 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

January 25, 2006

**I.    Introduction**

Plaintiff, Ronald T. Bittenbender, brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for disability insurance benefits ("DIB") under title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433.

**II.   Background**

**A.    Facts**

Plaintiff was born on May 24, 1959. He completed the eleventh grade and has past work experience as a municipal road worker, laborer, custodian, and lawn care worker. (R. at 91, 96, 103-10, 115).

Plaintiff alleges disability as of January 25, 1999, due to a work-related injury to his back. The record reflects that Plaintiff has not engaged in substantial gainful activity since his alleged onset date.

  **B.** **Procedural History**

  Plaintiff filed the instant application for DIB on June 18, 2001, in which he claimed total disability since January 1999. An administrative hearing was held on January 7, 2004, before Administrative Law Judge William E. Kenworthy ("ALJ"). Plaintiff was represented by counsel and testified at the hearing. Also testifying at the hearing was Fred A. Monaco, Ph.D., an impartial vocational expert.

  On February 18, 2004, the ALJ rendered a decision which was unfavorable to Plaintiff in which he found that Plaintiff had the residual functional capacity to perform work at the sedentary exertional level, with sit/stand option at intervals of about 20 minutes. The ALJ further found that Plaintiff should not perform work which required more than occasional bending, stooping, climbing, or balancing.

  The ALJ's decision became the final decision of the Commissioner on June 17, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

  On August 23, 2004, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ. The parties have filed cross-motions for summary judgment. Plaintiff argues that the decision of the ALJ is not supported by substantial evidence of record. The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence. The Court agrees with the Commissioner and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

**III.     Legal Analysis**

    A.     <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final decision. 42 U.S.C. § 405(g). If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court. 42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). It consists of more than a scintilla of evidence, but less than a preponderance. *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work. *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period."

*Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982).

This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777;  or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fifth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff was capable of performing a significant range of sedentary work.

**B.     Discussion**

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm's of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff argues that the determination of the ALJ is not supported by substantial evidence because "the ALJ's decision indicates that Plaintiff's residual functional capacity was limited to less than the full range of sedentary work. However, the jobs identified by the vocational (VE) as a surveillance system monitor, document preparer and cashier, were all jobs that exist in the full range of light work." Thus, Plaintiff argues, the Commissioner has failed to met his burden of showing that Plaintiff can perform work that exists in significant numbers in the national economy.

*The Testimony of the Vocational Expert*

The ALJ found, based on the testimony of the vocational expert ("VE") that Plaintiff could perform a significant number of sedentary jobs in the local and national economies, including surveillance system monitor, document preparer, and cashier. The ALJ limited Plaintiff to sedentary work, with a sit/stand option at intervals of about 20 minutes. Further, the

ALJ restricted Plaintiff to work which does not involve more than occasional bending, stooping, climbing, or balancing. (R. at 22.) His finding that a person with such a residual functional capacity was not disabled was based, in part, on his examination of the vocational expert ("VE"). In response to a hypothetical question which limited Plaintiff to, among other things, sedentary work, the VE stated:

> [T]here are jobs in the national economy that would accommodate your hypothetical. Representative sample one would be surveillance system monitors, individuals monitoring TV screens, [INAUDIBLE] listening devices. In the sedentary category in the national economy there are approximately 114,000 positions. A second representative sample would be document preparer, individuals converting microfiche to paper, paper to microfiche, and other such transferences. In the sedentary category in the national economy there are approximately 124,000 positions. A third representative sample would be cashiers, especially those found in self-service gas stations, parking lots, check cashing stores, and so on. In the sedentary category in the national economy there are approximately 600,000 positions.

(R. at 50-51).

The VE also stated that his testimony and the jobs he cited were consistent with the Dictionary of Occupational Titles ("DOT"). (R. at 51.)

Plaintiff argues that the DOT lists surveillance system monitor, document preparer, and cashier, as light-duty jobs, not sedentary and, thus, the identified positions exceed Plaintiff's capabilities.

Contrary to Plaintiff's argument, the DOT classifies both the surveillance system monitor and document preparer as sedentary work. *See* DOT § 379.367-010, Surveillance System monitor (Strength: sedentary work) and DOT § 249.587-918, Document Preparer Microfilming (Strength: sedentary work).

6

As to the cashier position, the VE testified that although the DOT classified the self service attendant/cashier as light in exertional level, his experience and reference to other periodicals allowed him to identify sedentary positions in this category as well. (R. at 51.)[1]

A VE may use his or her personal knowledge and experience to determine that the jobs listed in the DOT may be performed with modifications, such as the option to stand while performing sedentary work, or the option to sit while performing light work. 20 C.F.R. § 404.1566(d) (providing for testimony of expert witnesses to determine complex issues such as matching of claimant's work skills with available occupations); *Conn v. Secretary of Health and Human Servs.*, 51 F.3d 607, 610 (6th Cir. 1995) (accepting a VE's identification of certain jobs as sedentary which the DOT classified as light to medium).

Further, the DOT contains a disclaimer in its introduction. It cautions that occupational information contained in the DOT may not coincide in every respect with the content of jobs as they are performed in particular establishments or at certain localities. DOT, at xxi. It also states that the DOT only offers a starting place from which to address such issues as job definition. DOT, at v.

The ALJ has the burden of showing that Plaintiff can perform work that exists in significant numbers in the national economy. *Boone v. Barnhart*, 353 F.3d 203, 208-09 (3d Cir. 2004). Even if the self service attendant/cashier job is excluded from consideration, the

---

[1] The vocational expert testified as follows:
> The dictionary does not always provide ranges of work. For instance, they have cashier listed as light, but I know from 38 years of job placement and review of other literature that cashiering positions are actually sedentary through medium.

(R. at 51).

remaining jobs in the other two identified categories of surveillance system monitor and document preparer still result in a total of over 238,000 jobs available in the local and national economies. (R. at 50-51.) The Court finds and rules that 238,000 sedentary jobs in the national economy is a significant number of jobs available. *See Craigie v. Bowen*, 835 F.2d 56, 58 (3d Cir. 1987) (concluding that about 200 jobs were a significant number of jobs available.)

Accordingly, the Court find and rules that the ALJ has satisfied the Commissioner's burden at step five of the sequential evaluation process because he has identified at least two occupations in the national economy that Plaintiff can perform. *Wright v. Sullivan,* 900 F.2d 675, 679 (3d Cir. 1990).

**IV.     Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that he remains able to perform a significant range of sedentary work which exists in the national economy.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate Order follows.


McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD T. BITTENBENDER, | ) |
| Plaintiff, | ) |
| v. | ) 02:04cv1224 |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

**ORDER OF COURT**

**AND NOW**, this 25th day of January, 2006, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (*Document No. 9*) is **GRANTED**;

2. The Motion for Summary Judgment filed by Plaintiff, Ronald T. Bittenbender (*Document No. 12*) is **DENIED**; and

3. The clerk shall docket this case closed.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:   Zenford A. Mitchell, Esquire
      P.O. Box 99937
      Pittsburgh, PA 15233

      Jessica Smolar,
      Assistant U.S. Attorney
      Email: jessica.smolar@usdoj.gov